1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

SAN JOSE DIVISION

10

CASE NO. 5:12-mc-80280 EJD

IN RE:

11

**ORDER DENYING APPELLANT'S**
**MOTION TO PROCEED IN FORMA**

BERNABE MORA

**PAUPERIS; DENYING APPELLANT'S**

12

**MOTION FOR CORRECTION**

Debtor.

13

_____/

14

BERNABE MORA,

15

[Docket Item No(s). 2, 3]

Appellant(s),

16

v.

17

UNITED STATES TRUSTEE,

18

Appellee(s).

19

_____/

20         In this action originating in bankruptcy court, presently before the court are two matters: (1)

21  Appellant Bernabe Mora's ("Appellant") Motion to Proceed _In Forma Pauperis_, and (2) Appellant's

22  Motion for Correction of Erroneous Case Number.  See Docket Item Nos. 2, 3.  As this court

23  understands its, Appellant has appealed from the bankruptcy court's order filed September 5, 2012,

24  which dismissed an adversary proceeding due to Appellant's failure to comply with a prior order.

25  See Docket Item No. 1.  Appellant applied for _in forma pauperis_ status before the Bankruptcy

26  Appellate Panel (the "BAP").  Id.  The BAP then transferred Appellant's application to this court for

27  consideration.  Id.

28

1

CASE NO. 5:12-mc-80280 EJD
ORDER DENYING APPELLANT'S MOTION TO PROCEED IN FORMA PAUPERIS; DENYING APPELLANT'S
MOTION FOR CORRECTION

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

Pursuant to 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor."  District courts have broad discretion to grant or deny a motion to proceed in forma pauperis in a civil action.  O'Loughlin v. Doe, 920 F.2d 614, 616-17 (9th Cir. 1990).  Indeed, "[t]he right to proceed in forma pauperis is not an unqualified one."  Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960).  "It is a privilege, rather than a right."  Id.

Here, Appellant has supported his motion with the following documents: (1) an "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" dated October 31, 2011 (the "2011 application"), and (2) an "Affidavit of Financial Status," in which Plaintiff states he has "reason to believe" that his 2011 application was previously approved by the district court in one of two other cases also filed in this district, namely Mora v. Wachovia Mortgage FSB, Case No. 5:10-cv-05951 JF, and Mora v. Litton Loan Servicing, Case No. 5:11-cv-02319 LHK.

The court has reviewed the other cases cited by Appellant and takes judicial notice of the their respective district court and appellate dockets.[1]  The 2011 application was not filed in the district court for either case.  Thus, it does not appear the district court has made a determination on the 2011 application as indicated by Appellant.

However, the court notes that in the Litton action,[2] the following occurred: (1) on September 12, 2011, the Court of Appeals ordered Appellant to either file an *in forma pauperis* application, pay the filing fee, or show cause why the case should not be dismissed for failure to prosecute, (2) on November 2, 2011, Appellant filed the 2011 application in the Court of Appeal, and (3) on December 8, 2011, the Court of Appeals denied Appellant's *in forma pauperis* application because it

---

[1] Appellant also filed one other case against Litton Loan Servicing, 5:10-cv-02854 LHK, but that case was dismissed well before the date on which Appellant signed the 2011 application.  As such, this earlier case does not appear to be the one referenced by Appellant in the "Affidavit of Financial Status."

[2] The appellate case number is 11-17133.

2

CASE NO. 5:12-mc-80280 EJD
ORDER DENYING APPELLANT'S MOTION TO PROCEED IN FORMA PAUPERIS; DENYING APPELLANT'S MOTION FOR CORRECTION

1   found that the appeal was frivolous and that Appellant was not indigent.

2          While this court is aware of its obligation to redetermine Appellant's financial condition

3   under § 1915(a) despite his submission of a previous application (see Holmes v. Hardy, 852 F.2d

4   151, 153 (5th Cir. 1988)), the fact that the Court of Appeal found the 2011 application insufficient to

5   support *in forma pauperis* status is nonetheless compelling.  In addition, the court cannot ignore that

6   Appellant's current reliance on the 2011 application is not indicative of his present financial

7   circumstances, especially since Appellant did not a represent that the 2011 application is still

8   accurate in the instant motion.  That circumstance alone is sufficient to deny Appellant's motion.

9   But even assuming the 2011 is still accurate, the court would still find that Appellant is not indigent

10  after reviewing it anew and applying the standards required by § 1915(a).

11         Accordingly, Appellant's Motion to Proceed *In Forma Pauperis* (Docket Item No. 2) is

12  DENIED.  The Motion for Correction of Erroneous Case Number (Docket Item No. 3) is also

13  DENIED because the clerk's assignment of a miscellaneous case number was not in error.  The

14  appeal to the BAP from the bankruptcy court's dismissal order did not arise from one of Appellant's

15  other district court cases.

16  **IT IS SO ORDERED.**

17

18  Dated:  January 9, 2013

19                                                        EDWARD J. DAVILA
                                                         United States District Judge

20

21

22

23

24

25

26

27

28

CASE NO. 5:12-mc-80280 EJD
ORDER DENYING APPELLANT'S MOTION TO PROCEED IN FORMA PAUPERIS; DENYING APPELLANT'S
MOTION FOR CORRECTION